UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNOLDO ANTONIO GARCIA, | |
| Petitioner, | Civ. No. 17-3222 (KM) |
| v. | |
| ERIC TAYLOR, | OPINION |
| Respondent. | |

### KEVIN MCNULTY, U.S.D.J.

#### I.     INTRODUCTION

The petitioner, Arnoldo Antonio Garcia, is an immigration detainee currently lodged at the Hudson County Correctional Facility in Kearny, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Garcia challenges his current immigration detention and requests that this Court grant him bond. For the following reasons, the habeas petition will be denied.

#### II.    BACKGROUND

Mr. Garcia is a native and citizen of El Salvador. In 2012, he was convicted in California of possession for sale of a controlled substance. In December, 2012, Mr. Garcia was placed into immigration detention.

On June 24, 2013, an Immigration Judge ("IJ") ordered Mr. Garcia removed to El Salvador. On November 1, 2013, the Board of Immigration Appeals ("BIA") dismissed Mr. Garcia's appeal.

Thereafter, Mr. Garcia filed a petition for review and a motion for stay of removal with the United States Court of Appeals for the Ninth Circuit. Initially, the Ninth Circuit granted a

temporary stay of removal. However, on October 20, 2015, the Ninth Circuit denied the petition for review and terminated the temporary stay of removal. On October 5, 2016, however, the Ninth Circuit vacated that October 20, 2015 order, reopened the petition for review, and reinstituted the temporary stay of removal. In April 2017, that Court issued a briefing schedule; the opening brief before the Ninth Circuit is due on July 28, 2017.

As Mr. Garcia was moving forward with his immigration proceedings and the proceedings before the Ninth Circuit, he was given several bond hearings before an IJ. Indeed, Mr. Garcia received bond hearings on June 5, 2013, April 15, 2014, April 20, 2015, February 9, 2016, January 31, 2017, and, most recently, on May 22, 2017. At his most recent bond hearing, an IJ granted Mr. Garcia bond at an amount of $70,000.

In April, 2017, Mr. Garcia filed this habeas petition in the United States District Court for the Southern District of New York. Because Mr. Garcia was being detained at the Hudson County Correctional Facility here in New Jersey, this matter was transferred from the Southern District of New York to this Court. Thereafter, respondent was ordered to file a response to the habeas petition.

On June 20, 2017, respondent filed a response to the habeas petition. Respondent argues that this Court should deny the habeas petition because the petitioner has received the only available relief this Court could give to him: a bond hearing. Furthermore, respondent notes that Mr. Garcia was granted release on bail at his most recent bond hearing on May 22, 2017.

Thereafter, on June 30, 2017, respondent's counsel filed a letter indicating that petitioner called him from the Hudson County Correctional Facility to inform him that he wishes to discontinue this habeas petition because he was recently granted bond. Petitioner did not file a reply brief in support of his habeas petition.

## III. DISCUSSION

Based on respondent's representation in the June 30, 2017 letter, it appears that Mr. Garcia is withdrawing his habeas petition. For that reason alone, I would deny relief.

Even if it had not been withdrawn, however, the habeas petition would have been denied. Mr. Garcia is still in (or rather has reverted to) "pre-removal" immigration detention because of the Ninth Circuit's grant of a temporary stay of removal. In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit held that pre-removal detention without bail may become unreasonable at some point:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. But even in such a case, the relief this Court can grant is to order a bond hearing before the Immigration Judge, not to order the petitioner released. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221). As indicated above, Mr. Garcia has already had several bond hearings before an IJ, most recently on May 22, 2017, when he was granted release on bond. Thus, he has received the remedy that is available to him, and the Court does not have the power to second guess the particulars of the IJ's bond decision. *See* 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this

3

section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, *or the grant, revocation, or denial of bond or parole."*) (emphasis added); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. H(D.N.J. Aug. 8, 2016) (denying habeas petition where petitioner has already gotten a bond hearing which is the only relief he can get in the pre-removal immigration detention context). Furthermore, there is no allegation by Mr. Poyce that he did not have a bona fide bond hearing before the IJ. *See Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.").

## CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATED: July 24, 2017

KEVIN MCNULTY
United States District Judge